■ COUNTY OF NASSAU, Plaintiff, v ARTHUR N. CANESTRO, JR., et al., Appellants, and NILT, INC., Respondent. [838 NYS2d 784]— In a civil forfeiture action pursuant to the Nassau County Administrative Code § 8-7.0 (g) (4) (L 1939, chs 272, 701-709, as amended), the defendants Arthur N. Canestro, Jr., and Arlene L. Canestro appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered April 5, 2006, which granted the motion of the defendant NILT, Inc., for summary judgment on its cross claim for a judgment declaring that it has a possessory right to the subject vehicle as an innocent owner and pursuant to CPLR article 71 for the recovery of a chattel pursuant to a breach of a lease.

Ordered that the order is affirmed, with one bill of costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant NILT, Inc., has a possessory right to the subject vehicle as an innocent owner.

The defendant NILT, Inc., made a prima facie showing of its entitlement to judgment as a matter of law on its cross claim pursuant to CPLR article 71 for the recovery of a chattel pursuant to a breach of a lease (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition thereto, the defendants Arthur N. Canestro, Jr., and Arlene L. Canestro (hereinafter the appellants) presented no evidence to support their argument that Arlene L. Canestro did not breach the lease. Accordingly, they failed to raise a triable issue of fact (*see County of Nassau v Rennert*, 39 AD3d 581 [2007]).

It is unnecessary to reach the appellants' claim of selective enforcement of the forfeiture provisions of the Nassau County Administrative Code, as it is not a defense to the cross claim alleging breach of the lease.

The appellants' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant NILT, Inc., has a possessory right to the subject vehicle as an innocent owner (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Crane, Krausman and Dickerson, JJ., concur.